Harper J.
delivered the opinion of the Court.
' There is no doubt, but that the defendant committed a violation of the City ordinance, in retailing spirits, not then having a *189 license. But it seems to us that the City Council must be regal’d-ed as having waived, or released their right of action for the penalty, as it was competent for them to do. We understand from the ordinance of 1815, and from the testimony, that it is the practice to receive applications for licenses at two periods of the year, in October and April; that the applications are then granted or refused, and that the licenses are afterwards paid for and taken out. The defendant was one of the applicants, to whom a license was granted in October. 1829, but it was not paid for taken out by him until after the retailing proved. On the 4th of January, 1830, he did pay for and receive his license, and we understand the form of it to have been as of the preceding October. The receipt of the city treasurer specifies the license to be for October Term, 1829. The effect is that on the 4th of January, 1830, the City Council licenses the defendant to retail from October, 1829. This, it seems to me, must operate as a release of the offence against the ordinance. If A. has committed various trespasses on the close of B. and B. afterwards conveys the close to A. or gives him a license to enter at pleasure, to take effect as of a period antecedent to the first trespass, this can only mean a release of the several trespasses. This view is confirmed by what we understand to be the practice under the ordinance. After the orders for granting licenses in October, the retailers go on to sell, and in the course of one or two months pay for and receive their licenses, and it is not doubted, but that the license when received, has relation back to October, and erases intermediate offences. If this be the effect of a license, issued in December, I cannot perceive what should make the difference with respect to one issued in January. If the ordinance is evaded, and abuses introduced by this practice, the remedy is in the hands of Council, by withholding the license, after they are aware that an offence has been committed. It would be unreasonable that they should exact the penalty, and yet receive the price of the license for the period, within which the offence was committed. The license in question was not produced on the trial, but the secondary evidence offered to show that it had been issued, was not objected to. The Recorder in his charge seems to have taken for granted that it had in fact been issued, and so did the Counsel in argument. If required, however, it must certainly be produced on the new trial. The motion for a new trial is granted.